IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 8:05CV531 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGMENT AND DECREE |
| | ) | OF FORECLOSURE |
| BETTY A. WILSON, et al., | ) | AND ORDER OF SALE |
| | ) | |
| Defendants. | ) | |

This matter is before the Court for determination upon the Complaint filed by the Plaintiff, United States of America. The Plaintiff appears by and through its attorneys, Michael G. Heavican, United States Attorney for the District of Nebraska, and Laurie M. Barrett, Assistant United States Attorney for the District. The Defendants, Betty A. Wilson and Ray R. Wilson a/k/a Ray Ronald Wilson, failed to answer or otherwise appear or plead to the allegations contained in the Complaint, and the Defendants are in default in this action. Defendant State of Nebraska ex rel. Nebraska Department of Health and Human Services, Child Support Enforcement filed a disclaimer in this action for the reason that the Defendant does not claim an interest in the subject property. (filing no. 4). The Defendant, State of Nebraska ex rel. Nebraska Department of Health and Human Services, Child Support Enforcement, has been dismissed from this action without prejudice. (Filing No. 14).

The Court finds that it has jurisdiction of these proceedings pursuant to Title 28, United States Code, § 1345. Due and legal notice of the pendency of this action has been given, and the Court has acquired jurisdiction of all the parties.

Each of the allegations of Plaintiff's Complaint are true, and the Plaintiff is entitled to a Decree of Foreclosure and Order of Sale as prayed. The Court finds that the premises herein described will sell to the best advantage in one entire tract.

There is due and owing to the Plaintiff as of March 1, 2006, the principal sum of $58,560.96, plus accrued interest in the amount of $9,142.62, together with interest accruing at the rate of $8.5470 per day from March 1, 2006, until the date of entry of this decree. Interest will accrue on the sums from and after the date of entry of this decree at the legal rate of 4.85 % computed daily and compounded annually until paid in full. The amount due Plaintiff as stated herein is the first lien on the following described real estate in Rock County, Nebraska, to-wit:

> Township 31 North, Range 17, West of the 6th P.M. in Rock County, Nebraska. Section 34: SW 1/4 Township 30 North, Range 17, West of the 6th P.M. in Rock County, Nebraska Section 3: That part of the NW 1/4 that lays north of the Chicago and Northwestern Railroad and the county road.

Accordingly,

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED:

1. That the Motion for Default Judgment (Filing No. 10) is granted;

2. Judgment should be and hereby is entered against defendants Betty A. Wilson and Ray R. Wilson a/k/a Ray Ronald Wilson;

3. The above and foregoing findings are hereby made a part of this decree and order and by this reference incorporated herein;

4. If the costs as indicated below and the several amounts above found due and interest thereon be not paid within twenty (20) days of the date of this Judgment and Decree, then all equity of redemption in the premises is

foreclosed and the premises shall be sold as upon execution in one entire tract;

5. The Plaintiff shall apply for, and the Clerk of the United States District Court shall issue, an Order of Sale;

6. The United States Marshal for the District of Nebraska shall thereupon advertise and sell, according to law, the aforementioned property;

7. As upon execution, the United States Marshal shall report his proceedings under this Decree and Order to this Court and shall deposit the proceeds of the sale, if any, into the Registry of the Court;

8. Upon confirmation of the sale, the Clerk shall apply the proceeds as follows:

   a. First, to the payment of the costs of the Plaintiff, and to the United States Marshal for service of Summons and Complaint and execution of Order of Sale;

   b. Second, to the payment of the amount found due the Plaintiff with interest thereupon according to law;

   c. Third, to the payment of the costs of the United States Marshal for per diem and special requirements; and

   That the Clerk shall retain in the Registry of the Court any surplus from the sale until further order of the Court.

9. The aforementioned costs will be determined, after confirmation of sale, pursuant to the procedures described in Rule 54.1 of the Local Rules of the United States District Court for the District of Nebraska; and

10. Upon confirmation by the Court of the sale of the aforementioned real estate, the United States Marshal shall execute a deed to the purchaser(s); and the parties of this Decree and Order and all persons claiming under them are ordered to deliver possession of the real estate to such purchaser(s).

Dated this 11th day of April, 2006.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge